James **TAYLOR**, Jr., Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 01–5550.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

This is a direct appeal from a judgment denying a collateral challenge to a criminal conviction in which the only issue is the propriety of the district court's action in construing the petition for a writ of error coram nobis as a motion to vacate sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 25, 2000, James Taylor, Jr., filed a motion styled as a petition for a writ of error coram nobis. The district court subsequently construed the motion as a motion to vacate sentence filed on the authority of 28 U.S.C. § 2255 and denied the relief sought. The parties were directed to brief one issue only on this appeal,

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

namely, whether the district court erred in construing Taylor's petition for a writ of error coram nobis as a § 2255 motion to vacate sentence.

Taylor was convicted in 1989 of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and given a seventy-eight month term of imprisonment with a four year period of supervised release. Taylor did not take a direct appeal from this judgment and he was granted his conditional release in 1995. While on supervised release, Taylor was convicted of another drug offense and, incidentally, of violating the terms of his supervised release. On February 11, 2000, Taylor was given a new eighteen month term of imprisonment for the supervised release revocation and, on July 20, 2000, he filed a "petition for writ of error coram nobis" in the district court of his 1989 conviction. Taylor contends in this petition that his 1989 conviction is unconstitutional owing to ineffective assistance of counsel. The district court construed the petition as a motion to vacate sentence filed on the authority of 28 U.S.C. § 2255 and concluded that the motion, so construed, should be dismissed as having been filed out of time. Taylor filed an appeal and was granted permission to question the propriety of the district court's actions in sua sponte "converting" the coram nobis petition to a motion to vacate sentence.

Upon consideration, the judgment is affirmed for the reasons stated in the district court's order of March 22, 2001, denying Taylor's motion.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.